UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KELLY GOLDSTEIN,<br>             Plaintiff(s),<br>vs.<br>MGM GRAND HOTEL & CASINO, et al.,<br>             Defendant(s). | Case No. 2:15-cv-02117-GMN-NJK<br>ORDER |

Pending before the Court is Plaintiff's motion to continue the settlement conference. Docket No. 45. As stated at the hearing, the motion is **GRANTED** in part. The settlement conference is **CONTINUED** to 9:30 a.m. on October 7, 2016, and the settlement statements shall be submitted no later than September 30, 2016. **There will be no further continuances to the settlement conference and the Court expects <u>STRICT</u> compliance with the requirements outlined for the settlement conference in Docket No. 40.**

While the Court grants the motion in part, the Court has serious concerns regarding the competence of Plaintiff's counsel, James McGuire. The Court previously admonished Mr. McGuire for failing to comply with two court orders, and warned him that future violations of court orders or applicable rules may result in the imposition of sanctions, up to and including case-dispositive sanctions. Docket No. 26 at 1.[1] Despite that admonishment, the instant motion was untimely and in violation of another order in that it was filed only a week before the settlement conference. *See* Docket No. 40 at

---

[1] Chief United States District Judge Gloria M. Navarro also found that Mr. McGuire failed to comply at least four times with the requirements for filing a *pro hac vice* application. *See* Docket Nos. 30, 32.

1 n.1 (any request to continue the settlement conference must be filed within seven days of the order setting it).[2] The motion also sought a continuance to an unspecified date "available with the Court and with both sides," Docket No. 45 at 2, again in violation of the order requiring such a motion to "include at least 5 alternative dates on which all required participants are available to attend the settlement conference," Docket No. 40 at 1 n.1.[3] Mr. McGuire then compounded these problems by violating the Court's order setting the hearing on this motion by not appearing with his client. *See* Docket No. 47.[4]

      Mr. McGuire explained these deficiencies by indicating that he has never practiced in federal court and is unprepared to do so. *See* Hearing Rec. (9/2/2016) at 9:09 a.m. As an initial matter, the requirement to read and comply with court orders is not unique in any way to the federal system, *see, e.g.*, *Williams v. Am. Auto Logistics*, 226 N.J. 117, 124-25 (2016) (outlining potential sanctions for violating court orders); *In re Kramer*, 172 N.J. 609 (2002) (disbarring attorney for misconduct including violating court orders), and Mr. McGuire attests that he has been practicing law for more than 40 years, *see* Docket No. 36 at 2 (identifying bar admission date in New Jersey of December 10, 1974). A lack of federal court experience is plainly inapposite to an attorney's violations of court orders, especially an attorney with four decades of experience. Nonetheless, the Court does agree with Mr. McGuire that he is unprepared to litigate this case. Attorneys are not excused from compliance with the basic requirements of appearing in this Court based on protestations that they do not practice regularly in federal court: "We expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court." *Dela Rosa v. Scottsdale Mem. Health Sys., Inc.*, 136 F.3d

---

[2] Not only was the motion untimely, but Mr. McGuire chose to file it on the eve of a pre-planned European vacation rendering it a *de facto* emergency motion. *See* Docket No. 45 at 1 (motion filed on August 31, 2016, advising the Court that Mr. McGuire planned to be in Europe beginning Monday, September 5, 2016). In filing this *de facto* emergency motion, Mr. McGuire failed to comply with the applicable rules and inconvenienced the Court and opposing counsel. *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp.3d 1137, 1140-44 (D. Nev. 2015) (addressing the disfavored nature of emergency motions, the numerous problems they create, and the requirements to file them).

[3] The motion is nonsensical in that it seeks to continue the settlement conference to a date <u>after trial</u>. *Compare* Docket No. 45 at 3 (requesting settlement conference in November) *with* Docket No. 43 (setting trial for October 31, 2016).

[4] Defendant's counsel also failed to appear with the appropriate representative(s).

1241, 1244 (9th Cir. 1998). Mr. McGuire's representation that he is not competent to litigate in federal court is especially alarming given that trial is scheduled in this case for next month. *See* Docket No. 43.

Given the circumstances, the Court again **ADMONISHES** Mr. McGuire and **ORDERS** him to read carefully in their entirety both the Federal Rules of Civil Procedure and the Local Rules of this Court (effective May 1, 2016). Mr. McGuire shall file a declaration that he has done so by no later than September 30, 2016. **Mr. McGuire should anticipate that the current violations will be the last that are not met with monetary sanctions or other more significant sanctions, including case-dispositive sanctions. The Court expects strict compliance with its orders and all applicable rules moving forward.**

IT IS SO ORDERED.

DATED: September 2, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge