1

2

3

4

5

6                       **UNITED STATES DISTRICT COURT**

7                              **DISTRICT OF NEVADA**

8

9    KELLY GOLDSTEIN,                        )
                                             )    Case No. 2:15-cv-02117-GMN-NJK
                     Plaintiff(s),           )
10                                           )
     vs.                                     )    ORDER
11                                           )
     MGM RESORTS INTERNATIONAL, et al.,      )
12                                           )
                     Defendant(s).           )
13   _____)

14          Pending before the Court is a motion to allow Plaintiff to appear at the settlement conference

15   telephonically. Docket No. 52. The Court held a hearing on the motion and, as stated on the record, the

16   motion to appear telephonically is **DENIED**, but the settlement conference has been **CONTINUED** to

17   9:00 a.m. on October 28, 2016. Docket No. 53.

18          The pending motion presents an unfortunate combination of (1) violations of clear orders and

19   applicable rules and (2) convoluted factual representations. On June 9, 2016, Chief United States

20   District Judge Gloria M. Navarro referred this case to the undersigned to hold a settlement conference.

21   Docket No. 38. That same day, the undersigned issued an order outlining the requirements for the

22   settlement conference and setting it for September 27, 2016. Docket No. 40. Among the various

23   requirements for the settlement conference, the Court mandated that all individual parties and their trial

24   attorneys must personally appear for the settlement conference. *Id.* at 1-2. The Court mandated that

25   requests for an exception to those personal appearance requirements must be filed and served on all

26   parties within seven days of the order. *Id.* at 2. The Court further mandated that requests to change the

27   date of the settlement conference must also be made in writing and filed within seven days of the order.

28   *Id.* at 1 n.1.

1        Due to conflicting duties of the Court, on August 5, 2016, the settlement conference was

2   advanced to September 12, 2016.  Docket No. 44.  On August 31, 2016, Plaintiff's counsel (James

3   McGuire) filed a motion to continue the settlement conference because he had pre-existing vacation

4   plans to be out of the country beginning less than three court days later, on Sunday, September 5, 2016,

5   and lasting past the settlement conference through September 15, 2016.  Docket No. 45.  The Court set

6   an expedited telephonic hearing for September 2, 2016, at which the parties themselves were ordered

7   be present.  Docket No. 46.  Mr. McGuire then appeared at that hearing without his client.  *See* Docket

8   No. 47.  With respect to that motion, Plaintiff and Plaintiff's counsel violated the Court's orders and

9   the local rules in numerous ways.  *See, e.g.*, Docket No. 48 at 2.  Notwithstanding these violations, the

10  Court granted the motion to continue.  *Id.* at 1.  The Court also ordered Mr. McGuire to read the Federal

11  Rules of Civil Procedure and the local rules.  *Id.* at 3.

12        In granting that motion to continue, the Court re-set the settlement conference for October 7,

13  2016.  *See id.* at 1.  In doing so, the Court made several things clear.  First, the Court indicated that

14  "**[t]here will be no further continuances to the settlement conference**."  *Id.* at 1 (emphasis in

15  original).  Second, the Court expressed its reluctance to allow telephonic appearances at the settlement

16  conference.  Hearing Rec. (9/02/2016) at 9:13 a.m.  Third, the Court indicated that it required "**STRICT**

17  **compliance with the requirements outlined for the settlement conference at Docket No. 40**."

18  Docket No. 48 at 1; *see also id.* at 3 ("**The Court expects strict compliance with its orders and all**

19  **applicable rules moving forward**").

20        At 10:26 a.m. on October 6, 2016, Mr. McGuire telephoned the undersigned's chambers to

21  indicate that Plaintiff was unable to travel to Las Vegas for the next day's settlement conference.  In

22  doing so, Mr. McGuire once again violated several orders and rules.  The motion was untimely under

23  the Court's orders, counsel sought relief *ex parte*, counsel sought relief orally rather than in writing, and

24  counsel again brought his request to the Court on the eve of the settlement conference, making it a *de*

25  *facto* emergency motion.[1]  The Court ordered Mr. McGuire to file on the docket the relief he was

26

27        [1] At the ensuing hearing, Mr. McGuire insinuated that it was proper to call chambers in light of the
28  emergency nature of the request.  *See* Hearing Rec. (10/6/2016) at 2:07 p.m.  Mr. McGuire is mistaken.  The

1    seeking, and the Court further set an expedited hearing for that afternoon. Docket No. 50. Mr. McGuire

2    then filed that motion, indicating that Plaintiff was having panic attacks and was unable to fly to Las

3    Vegas for the settlement conference. *See* Docket Nos. 51, 52.

4           The factual representations in the motion, accompanying declaration, and at the ensuing hearing

5    were, at best, convoluted. By way of example,[2] Plaintiff represented at the hearing that she did not know

6    that she was required to personally attend the settlement conference in Las Vegas until "a few days ago."

7    Hearing Rec. (10/6/2016) at 2:08 - 2:09 p.m. When questioned by the Court as to why Plaintiff was not

8    informed of that requirement when the settlement conference order was issued months ago, Mr. McGuire

9    instead indicated that Plaintiff was actually informed in June or July. Hearing Rec. (10/6/2016) at 2:10

10   p.m. Mr. McGuire also indicated that he had known all along that traveling to Las Vegas may pose a

11   problem for Plaintiff, but when pressed by the Court why he did not then timely seek relief regarding

12   the settlement conference, Mr. McGuire backtracked by saying he had still been "hoping" she would

13   make it. Hearing Rec. (10/6/2016) at 2:10 - 2:11 p.m.; *see also* Hearing Rec. (10/6/2016) at 2:29 p.m.

14   As such, it is unclear when exactly Plaintiff knew about her required attendance at the settlement

15   conference and why relief was not sought in a timely manner.

16          Plaintiff and Mr. McGuire also diverged significantly on Plaintiff's ability to participate in

17   hearings or the settlement conference telephonically. When Plaintiff failed to appear as ordered at the

18   hearing on September 2, 2016, her counsel emphatically stated that "Kelly Goldstein has been the . . .

19   a difficult matter throughout this case . . . is employed in a job where her employer refuses to release her

20   even for phone calls . . . she was limited in her medical care and treatment because they would not

21   _____

22   rule applicable to non-discovery emergency motions provides that the movant must advise a judge's
     courtroom deputy concurrently with filing the motion or promptly thereafter. Local Rule 7-4(d). The rule

23   does not obviate the need for filing a written motion, nor does it permit calling a judge's chambers rather
     than her courtroom deputy in the Clerk's Office. Moreover, Mr. McGuire's assertion that he was calling

24   chambers to be advised as to the proper procedure to follow, Hearing Rec. (10/6/2016) at 2:07 p.m., is

25   wholly uncompelling as "it is not the responsibility of the Court's staff to take time away from their other
     duties to educate counsel on the basic procedures of practicing law in this Court," *see, e.g.*, *Gfeller v. Doyne*

26   *Med. Clinic, Inc.*, 2015 U.S. Dist. Lexis 46542, *4 n.4 (D. Nev. Apr. 8, 2015).

27          [2] The issues outlined herein do not represent the universe of contradicted facts presented by Plaintiff

28   and her attorney.

3

1   release her for more . . . they have told her that she will be dismissed from her employment if she leaves

2   for a phone call." Hearing Rec. (9/2/2016) at 9:08 - 9:09 a.m. (emphasis added). At the hearing on the

3   pending motion, the Court inquired how Plaintiff could appear telephonically given Mr. McGuire's prior

4   representations, at which time Plaintiff responded that those representations were false, that she was

5   generally able to appear telephonically during work hours, and that she would have appeared at the prior

6   hearing had she been advised of it. Hearing Rec. (10/6/2016) at 2:19 - 2:20 p.m., 2:21 p.m. Mr.

7   McGuire then opined that he had previously been told by Plaintiff's mother that Plaintiff could not

8   appear telephonically while at work, and he could not recall if he asked Plaintiff to appear at the prior

9   hearing. Hearing Rec. (10/6/2016) at 2:20 - 2:21 p.m.

10          Given the convoluted nature of the factual representations being made, it is difficult for the Court

11  to grant the relief sought because it cannot have confidence in the veracity of the representations.

12  Nonetheless, the Court gave Plaintiff the benefit of the doubt in this instance and agreed to once again

13  continue the settlement conference to accommodate the travel restrictions she is now asserting. Trial

14  is set in this case for Monday, October 31, 2016. *See, e.g.*, Docket No. 43. Given that Plaintiff will be

15  required to appear in this courthouse for trial, regardless of the means of transportation she chooses to

16  take, the Court continued the settlement conference to the preceding court day, October 28, 2016. Of

17  course, the parties are also free to engage in their own settlement discussions before that date to attempt

18  to resolve the case.

19          The Court again reiterates that its orders and the applicable rules must be followed. The Court

20  has given numerous warnings to that effect. **The Court once again warns Plaintiff and her counsel**

21  **that the failure to comply with the Court's orders and the applicable rules may result in the**

22  **imposition of significant sanctions, up to and including case-dispositive sanctions**.

23          IT IS SO ORDERED.

24          DATED: October 6, 2016

25

26                                          _____

27                                          Nancy J. Koppe
                                            United States Magistrate Judge

28